UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DAWN PEACOCK, ) | Civil Action No.: 4:09-cv-3192-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| DILLON COUNTY and CLAY YOUNG, ) | |
| Individually and in his Official Capacity, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## I. INTRODUCTION

In this case, Plaintiff alleges gender discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. Plaintiff also asserts a state law cause of action for promissory estoppel. Plaintiff originally filed this action in the Court of Common Pleas, Dillon County, South Carolina on September 14, 2009. Defendant Clay Young was served with the Summons and Complaint on November 10, 2009. Defendants removed the action to this Court on December 10, 2009, and filed an Answer (Document # 4) the same day. Presently before the Court is Defendants' Motion to Dismiss and for Judgment on the Pleadings (Document # 9). No response has been filed to the Motion. All pretrial proceedings in this case has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) & (B) and Local Rule 73.02(B)(2)(g), D.S.C. Because the Motion is dispositive, this Report and Recommendation in entered for review by the district judge.

## II. DISCUSSION

    A.    Defendant Dillon County

Defendant Dillon County moves for dismissal of this case against it pursuant to Rules 12(b)(4) and (5), Fed.R.Civ.P. Plaintiff served Defendant Clay Young, the former Dillon County Administrator, via personal service on November 10, 2009. Defendants removed the action to this Court, answered the Complaint, and asserted the defense of insufficient service of process. Defendants reiterated the defense in their Answers to Local Rule 26.03 Interrogatories.

"'The plaintiff bears the burden of establishing that the service of process has been performed in accordance with the requirements of Federal Rule of Civil Procedure 4.'" Ballard v. PNC Fin. Serv. Group, Inc., 620 F. Supp. 2d 733, 735 (S.D.W. Va. 2009) (quoting Elkins v. Broome, 213 F.R.D. 273, 275 (M.D.N.C. 2003)). The record is void of any evidence that Plaintiff has served Defendant Dillon County with the Summons and Complaint. Rule 4(m), Fed.R.Civ.P., provides that a Summons and Complaint must be served within 120 days of the filing of the Complaint with the Court. More than 120 days have passed since the filing of the present Complaint. Plaintiff has failed to respond to Defendants' Motion and has failed to meet her burden of establishing that service of process has been performed in accordance with Rule 4, Fed.R.Civ.P. Accordingly, dismissal of this action against Defendant Dillon County without prejudice is appropriate.

    B.    Defendant Clay Young

Defendant Clay Young moves for judgment on the pleadings pursuant to Rule 12(c), Fed.R.Civ.P. Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings after the pleadings are closed. Such a motion should be granted when, accepting the facts set forth in the pleadings, the case can be decided as a matter of law. Tollison v.

B & J Machinery Co., Inc., 812 F.Supp. 618, 619 (D.S.C.1993). See also S & S Const., Inc. of Anderson v. Reliance Ins. Co., 42 F.Supp.2d 622, 623 (D.S.C.1998).

First, in Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180-81 (4th Cir. 1998), the Fourth Circuit expressly held that individuals are not subject to suit under Title VII. Thus, Plaintiff's Title VII claim against Clay Young claim fails as a matter of law. Second, Plaintiff's claim of promissory estoppel fails as a matter of law as well. "Promissory estoppel comes into play in situations where actual consideration is not present," and is thus "inapplicable in situations where a contract exists since a necessary element of a valid contract is consideration." Glover v. Lockheed Corp., 772 F. Supp. 898, 907 (D.S.C. 1991).

In Glover, the court held that promissory estoppel is not an available cause of action in the employment context because all employment arrangements involve a contract, even if it is an at-will employment contract, and promissory estoppel cannot lie where a contract is in place. Id.; see also Conner v. City of Forest Acres, 363 S.C. 460, 471, 611 S.E.2d 905, 910 (S.C. 2005) ("South Carolina recognizes the doctrine of at-will employment. This doctrine provides that a contract for employment may be immediately terminated by either employer or employee when unsupported by consideration other than the employer's duty to provide compensation in exchange for the employee's duty to perform a service or obligation."); accord Prescott v. Farmers Tel. Coop., Inc., 335 S.C. 330, 516 S.E.2d 923, 925 (S.C. 1999); Ross v. Life Ins. Co. of Virginia, 273 S.C. 764, 765, 259 S.E.2d 814, 815 (S.C. 1979). Accordingly, the at-will employment contract in the present case invalidates Plaintiff's claim for promissory estoppel and judgment as a matter of law is appropriate.

## III. CONCLUSION

For the reasons discussed above, it is recommended that Defendants' Motion to Dismiss and

for Judgment on the Pleadings (Document # 9) be granted and the case be dismissed against Defendant Dillon County without prejudice and against Defendant Clay Young with prejudice.[1]

                                       s/Thomas E. Rogers, III
                                       Thomas E. Rogers, III
                                       United States Magistrate Judge

September 20, 2010
Florence, South Carolina

---

[1] As noted above, Plaintiff failed to file a Response to Defendants' Motion to Dismiss and for Judgment on the Pleadings. Accordingly, dismissal of the claims against both Defendants is also appropriate pursuant to Rule 41(b), Fed.R.Civ.P. for failure to prosecute.