IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Dawn Peacock, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No.: 4:09-cv-3192-TLW-TER |
| Dillon County and Clay Young, individually and in his official capacity, | ) |
| Defendants. | ) |

# ORDER

The defendants, Dillon County and Clay Young ("defendants"), removed this action to this Court on December 10, 2009. (Doc. # 1). The removal was based on federal question jurisdiction under 28 U.S.C. § 1441. The plaintiff, Dawn Peacock, asserts gender discrimination in violation of Title VII of the Civil Rights Act of 1964 and a state law cause of action for promissory estoppel. (Doc. # 1, Attach. 1). All pretrial proceedings in this case were referred to United States Magistrate Judge Thomas E. Rogers, III pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02 (B)(2)(g), D.S.C. The defendants filed a motion to dismiss and for judgment on the pleadings. (Doc. # 9). The plaintiff filed no response to the motion to dismiss and for judgment on the pleadings. Because this motion is dispositive, the Magistrate Judge entered a Report and Recommendation for review by this Court. (Doc. # 10).

This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge to whom this case had previously been assigned. (Doc. # 10). In the Report, the Magistrate Judge recommends that the District Court grant the

defendants' motion to dismiss and for judgment on the pleadings. (Doc. # 10). The Magistrate Judge further recommends that the case be dismissed against Dillon County without prejudice and against Clay Young with prejudice. (Doc. # 10). The defendants filed objections to the Report. (Doc. # 12). The plaintiff filed no objections to the Report that recommends dismissal of the case. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections...The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.
>
> Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992)

(citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the objections. After careful review of the Report and objections thereto, the Court **ACCEPTS** the Report. (Doc. # 10). Therefore, for the reasons articulated by the Magistrate Judge, the defendants' motion to dismiss and for judgment on the pleadings is **GRANTED**. The case against Clay Young is dismissed with prejudice, and the case against Dillon County is dismissed without prejudice.[1]

---

[1] The defendants filed objections to the Report, arguing that the promissory estoppel claim should be dismissed with prejudice as to both defendants because the reasoning the Magistrate Judge applied to recommend dismissing this cause of action against Young applied equally to Dillon County. However, the case against Dillon County is being dismissed for insufficient service of process under Federal Rules of Civil Procedure 12(b)(4) and (5), which means this Court does not have personal jurisdiction over Dillon County. Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998) (citing Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984)) ("Absent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant."). Without proper jurisdiction, this Court will not rule on the merits of Dillon County's argument that a promissory estoppel

**IT IS SO ORDERED**.

    s/Terry L. Wooten
United States District Judge

December 10, 2010
Florence, South Carolina

---

claim cannot be maintained against it. See United States v. Marple Community Record, Inc., 335 F. Supp. 95, 101 (E.D. Pa. 1971) (noting that "the defense of improper service involves a matter in abatement and does not go to the merits of the action"); 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1353 (3d ed.) ("[T]he defense of improper service of process involves a matter in abatement and does not go to the merits of the action . . . .").

3